Cargyle *vs.* Belcher.

WARNER, Judge.

Let the judgment of the Court below, overruling the motion for a new trial in this case, be affirmed.

---

JOHN F. CARGYLE, administrator, plaintiff in error, *vs.* ABNER P. BELCHER, defendant in error.

Where a promissory note was given, during the late war, for $3,500 00, due one year after date, upon which $2,800 00 was paid at maturity, in Confederate money, leaving due $700 00, and the jury, on suit brought for the balance, found for the plaintiff $38 97, and the Judge granted a new trial, on the ground that the jury had not found according to the equities between the parties, under the facts of the case:

*Held*, That this was no abuse of the discretion vested by law in the Judge, and this Court will not reverse the judgment.

New trial. Scaling Ordinance. Before Judge HARRELL. Dougherty Superior Court. December, 1870.

This was a suit to foreclose a mortgage, made to secure a promissory note for $3,500 00, given by Cargyle's intestate, Brinson, on the 13th of December, 1862, due the 1st of January, 1864, on which a credit of $2,800 00 had been made, on the 8th of January, 1864. The defendant pleaded that the note was to be paid in Confederate currency, worth less than five cents in the dollar at the maturity of said note, and prayed that the apparent balance might be scaled by the jury.

Beside the note and mortgage, the only evidence was, that they were given for the Brinson place, containing three hundred acres of land, worth, at the time of the trial, and ever since 1866, $10 00 per acre; that, at the date of the maturity of the note, Confederate currency, as compared with specie, was at twenty-one to one, and that currency was the sole currency then circulating here, and the $2,800 00 was paid in that currency, and the defendant's 'intestate took pos-

session of the land, and had held it ever since the purchase, built some negro cabins on it, and cleared three or four acres of it.

The jury found for the plaintiff only $38 70.   He moved for a new trial, upon the ground, that the verdict was strongly and decidedly against the weight of the evidence, inequitable, etc.   The Court granted a new trial.   This is assigned as error.

VASON & DAVIS, for plaintiff in error.

WILLIAM E. SMITH, for defendant.

McCAY, Judge.

Whilst we have some doubts whether this verdict is such an one as brings it within the discretion of the Judge, under section 3667 of the Code, yet, as the Judge has acted, we will not overrule his judgment.   Without question, the verdict is *very small.*   Considering the value received by the defendants, one cannot but feel that the jury has acted hastily, since the verdict is for just the amount of the value of Confederate money at the maturity of the note.   But it must be remembered that a year had intervened, and at the rapid race, downward, of Confederate money, equity would not have compelled the plaintiff to take it unless promptly paid: *Smith vs. Bryan,* 34*th Georgia,* 53.   We suspect the jury did not take these circumstances fully into consideration, and we hardly think it was an abuse of the discretion of the Judge to grant a new trial.   Necessarily, as the law gives him a discretion, this Court is bound to recognize that discretion. We have no right to overrule him, merely because we do not fully agree with him.   His discretion must have been abused before his exercise of it is illegal, and it is only of illegalities that this Court has jurisdiction.

Judgment affirmed.